UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CR-72(01) RM |
| ) | |
| MARCUS DIXON ) | |

OPINION and ORDER

Marcus Dixon moves to dismiss the indictment against him based on what he describes as "every conceivable legally supportable challenge to the offense [with] which he has been charged." For the reasons that follow, Mr. Dixon's motion is denied.

For purposes of the dismissal motion, the parties agree on the following facts: in January 2001, Mr. Dixon was indicted in South Carolina for lewd act on a minor, alleged to have occurred in July 2000. In June 2001, Mr. Dixon was sentenced on his guilty plea to a term of imprisonment under the Youthful Offender Act not to exceed six years and was required to register with the South Carolina Sex Registry. On May 1, 2002, following his release from prison, he was advised of his obligation under South Carolina law to register on the state's Sex Registry, per South Carolina law. He signed subsequent notices in January 2004, April 2005, April 2006, and on May 16, 2006. The last form acknowledged that if he moved to another state, he would have to register in that state as a sex offender. On May 23, 2006, Mr. Dixon cut off his monitoring bracelet and fled South Carolina. By June 2006, Mr. Dixon was living in Michigan City, Indiana,

where he has been employed ever since. He has not registered in the State of Indiana as a sex offender.

Mr. Dixon was indicted in this court for violation of 18 U.S.C. § 2250 for failing to register as a sex offender. On October 11, a superceding indictment was returned against Mr. Dixon, amending the dates of alleged violation to February 27, 2007 through April 5, 2007.

Until July 2006, federal law made it a misdemeanor for a sex offender failing to register as such after traveling in interstate commerce. 42 U.S.C. § 14072(g)(3), (i) (the "Wetterling Act"). On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 and its subsection of "the Sex Offender Registration and Notification Act" (SORNA). SORNA requires a sex offender to register and keep the registration current in each jurisdiction in which he lives, works, or is a student. *See* 42 U.S.C. § 16911(11), (12), (13); 42 U.S.C. § 16913(a). Immediately after a sentencing, an "appropriate official" must explain the offender's duties under SORNA, require the offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirements, and ensure that the sex offender is registered. 42 U.S.C. § 16917(a).

SORNA directed the Attorney General to prescribe rules for notifying offenders who cannot be registered in the manners set forth in § 16917(a). *See* 42 U.S.C. § 16917(b). SORNA authorizes the Attorney General to specify SORNA's applicability to sex offenders convicted before July 27, 2006 and sex offenders

convicted before the particular jurisdiction implements SORNA and to prescribe rules for registration of "any such sex offenders or other categories of sex offenders who are unable" to register before completing a sentence. 42 U.S.C. § 16913(b). A sex offender who knowingly fails to register or update a registration as required by SORNA may be imprisoned for up to 10 years. 18 U.S.C. § 2250(a).

On February 28, 2007, the Attorney General issued a rule that deems SORNA retroactive to anyone convicted of an offense listed in SORNA at anytime. *See* 28 C.F.R. 72.1 *et seq.*

Mr. Dixon's arguments in support of his motion to dismiss the indictment are discussed below.

### 1. Canons of Statutory Construction Preclude Retroactivity

Congress delegated to the Attorney General the authority to specify the applicability of SORNA's registration requirements to people who were convicted before SORNA's June 27, 2006 effective date. 42 U.S.C. §16913(d). Mr. Dixon argues that SORNA did not (and could not) delegate the ability to specify penalties, and 18 U.S.C. § 14613(d) doesn't allow for the Attorney General to be responsible for criminal sanctions or provide reference to 18 U.S.C. § 2250(a). Mr. Dixon contends that Congress did not manifest an unambiguous intent to retroactivity, *see* Hamden v. Rumsfeld, 126 S. Ct. 2749 (2006); Congress only delegated the decision on who must register and provide procedures to register them. Mr. Dixon says SORNA can't apply to him because his crime, release from prison, and

3

interstate travel all predated SORNA, he wasn't notified of SORNA's requirements, and Congress didn't specify that such people are subject to criminal prosecution under SORNA.

The court cannot agree. SORNA is not silent on the issue of retroactivity. SORNA authorized the Attorney General to determine whether to apply the registration requirements to sex offenders convicted before July 27, 2006, and the Attorney General did so. Whether Congress could do so permissibility is a different issue, addressed in a different portion of today's ruling. For purposes of this argument, it is sufficient to find that Congress unambiguously addressed retroactivity.

*2. Retroactive Application of SORNA Violates the* EX POST FACTO *Clause*

The United States Constitution prohibits passage of any bills of attainder or ex post facto laws: "To fall within the ex post facto prohibition, a law must be retrospective (meaning it applies to events occurring before enactment) and it must disadvantage the offender by altering the definition of criminal conduct or increasing the punishment for the crime." U.S. CONST. art. 1, § 9, cl. 3. Mr. Dixon is alleged to have failed to register, but SORNA didn't exist when he last registered (May 16, 2006) or when he traveled in interstate commerce in May or June 2006. He understands SORNA as establishing a criminal offense on the eleventh day after travel without registration. *See* United States v. Stinson, 507 F. Supp. 2d 560 (S.D. W. Va. 2007); United States v. Smith, 481 F. Supp. 2d 846 (E.D. Mich.

4

2007); United States v. Sallee, No. CR-07-152-L, 2007 WL 32833739 (W.D. Okla. Aug. 13, 2007).[1] Thus, Mr. Dixon reasons, when SORNA didn't apply when he traveled and failed to register within 10 days after reaching Indiana.

When Mr. Dixon traveled and registered, federal law punished his non-registration by up to a year's imprisonment. 42 U.S.C. § 14072(g)(3), (i). This, he says, makes his case different from Smith v. Doe, 538 U.S. 84 (2000), which addressed Alaska's civil registration requirements. Nor, he says, does SORNA establish a "continuing crime:" sex offenders traveling in interstate commerce have to register within a fixed number days of getting to their destination, just as the Supreme Court held in Toussie v. United States, 397 U.S. 112 (1970), that an 18-year-old commits a federal crime only once, when he (those were the 1960's, so "she" was an unnecessary addition) didn't register for the draft within 5 days after his birthday.

The court (albeit through another of its judges) already has addressed SORNA's retroactivity in United States v. Carr, No. 1:07-CR-73 (N.D. Ind., Nov. 2, 2007). Nothing in Mr. Dixon's argument persuades the court that its conclusion in Carr, which found SORNA not violative of the *ex post facto* clause, persuades the court that Carr should be revisited. The alternate holding in Carr, *id.* at 4-5, adequately addresses Mr. Dixon's argument under Toussie v. United States: SORNA requires the roaming sex offender to re-register periodically and so, unlike

---

[1] Or maybe on the third day. *See* Defendant's Memorandum, at 17 n.10 (doc. #24).

the draft registration statute, creates a continuing obligation. *See* United States v. Black, 125 F.3d 454, 466-467 (7th Cir. 1997).

The *ex post facto* clause does not foreclose this prosecution. The court denies Mr. Dixon's motion to the extent it seeks dismissal for violation of the *ex post facto* clause.

### *3. Statutory Construction Makes SORNA Inapplicable to Mr. Dixon*

Mr. Dixon says SORNA can't apply to him because he didn't violate 18 U.S.C. § 2250(a), which applies to a person who "travels" in interstate or foreign commerce or "enters or leaves, or resides" in Indian country, § 2250(a)(2)(B), and knowingly "fails" to register or update a registration. § 2250(a)(2)(C). Congress knows how to use verbs, United States v. Wilson, 503 U.S. 329, 333 (1992), Mr. Dixon contends, so legislative use of the present tense forecloses use of the past tense, and he already had traveled and failed to register by the time SORNA was enacted and the Attorney General issued his interim rule. Accordingly, he contends, the superceding indictment doesn't allege a crime: he did not engage in interstate travel between February 28, 2007 and April 5, 2007.

The court's resolution of Mr. Dixon's previous argument resolves this one, as well. Mr. Dixon had a continuing duty to register after traveling in interstate commerce. He did not do so and (as the court understands the facts) had not done so by or within the time period alleged in the indictment. The present tense of the verb "fail" applied to Mr. Dixon, and when he traveled is not pertinent.

6

Canons of statutory construction do not foreclose this prosecution. The court denies Mr. Dixon's motion to the extent it seeks dismissal based on principles of statutory construction.

*4. SORNA's Application Without Notice Would Violate Due Process*

Mr. Dixon says there is no evidence that he had knowledge or notice that he was required to register under SORNA. He registered in South Carolina two months before SORNA's enactment, traveled to Indiana one month before SORNA's enactment, and had no contact with any parole or registry officials after his registration. Because neither Indiana nor South Carolina has adopted SORNA, he says, it would be impossible for him to have registered "as required by SORNA." He argues that South Carolina's reporting requirements can't serve as a proxy for notice under SORNA. Because it was impossible for Mr. Dixon to have complied with SORNA, he argues, the indictment must be dismissed because the statute would violate due process if applied to him.

Mr. Dixon's argument misapprehends the notice requirement in SORNA. It requires officials to give notice, but does not make receipt of notice an element of a criminal offense. Mr. Dixon need not, to have committed the federal crime, have been told by some official that he had to register pursuant to SORNA. *See* United States v. Gonzales, No. 5:07cr27, 2007 WL 2298004, at *4 (N.D. Fla. Aug. 9, 2007) ("Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so.

7

. . . Sex offenders . . . must comply with the law even when it changes suddenly and without notice, and they are well advised to periodically check for changes because they are particularly subject to regulation.").

Nor need Mr. Dixon have registered in some SORNA registry or on some form that references SORNA. Indiana and South Carolina have sex offender registries with which Mr. Dixon could have registered (or, in the case of South Carolina, updated his registration). Mr. Dixon would have complied with SORNA had he registered with Indiana and South Carolina sex offender registries.

Due process principles do not foreclose this prosecution. The court denies Mr. Dixon's motion to the extent it seeks dismissal for failure to provide due process of law.

### 5. SORNA Violates the Commerce Clause

Mr. Dixon contends that SORNA's registration requirements impermissibly encroach upon state power by putting federal obligations on offenders to register in individual state-created and state-run sex offender registries, thus creating an unconstitutional encroachment of federal power on state sovereignty. Citing Printz v. United States, 521 U.S. 898, 935 (1997), Mr. Dixon says SORNA's registration requirement forces state officials, who run local registries, to set federally required sex offender registrations before their states decide whether to adopt SORNA provisions voluntarily. Mr. Dixon relies on New York v. United States, 505 U.S. 144 (1992) (holding that Congress didn't have power to compel the states to enact

a federal program regulating the disposal of toxic waste), United States v. Lopez, 514 U.S. 549 (1995) (holding that Gun-Free School Zones Act of 1990, which made it a federal crime to knowingly possess a firearm in a school zone, exceeded Congress' authority under Commerce Clause), and United States v. Morrison, 529 U.S. 598 (2000) (holding that Congress may not regulate non-economic, violent criminal conduct based solely on conduct's aggregate effect on interstate commerce). SORNA, Mr. Dixon concludes, is unconstitutional because the regulated activity has no economic character, the requirements contain no jurisdictional element, the statute contains no congressional findings indicating a link between sex offenders and interstate commerce, and the regulated activities have too little effect on interstate commerce to support an exercise of Commerce Clause powers.

Mr. Dixon also argues that SORNA's criminal penalties violate the Commerce Clause because SORNA doesn't evidence a constitutionally sufficient relationship to the regulation of interstate commerce. Though the statute requires that a defendant be a sex offender and travel in interstate commerce, it contains no requirement that commercial activity be affected or any legislative finding that interstate travel of sex offenders historically has affected interstate commerce. Because SORNA doesn't regulate anything of an economic character, Mr. Dixon concludes, any economic impact of a sex offender's travel is too attenuated to bring 18 U.S.C. § 2250 within Congressional authority.

Again, the court cannot agree with Mr. Dixon. The Constitution requires a rational basis, but nothing more than a rational basis, to conclude that targeted activity substantially affects interstate commerce, Gonzales v. Raich, 545 U.S. 1 (2005), and SORNA's focus on the sex offender who travels between states provides both that rational basis and the interstate nexus that was missing in New York v. United States, 505 U.S. 144, and United States v. Lopez, 514 U.S. 549. SORNA is substantially related to the public's protection from sex offenders whose interstate travel may frustrate any one State's ability to monitor. SORNA does not purport to reach sex offenders who remain within a single state. The requirement of interstate travel also provides the necessary jurisdictional basis. Finally, SORNA's registration requirement acts upon the offender, not the States.

For the same reasons, the court cannot accept Mr. Dixon's contention that 18 U.S.C. § 2250 offends the Commerce Clause. Congress has established a jurisdictional predicate of interstate or foreign travel, so the law requires only a *de minimus* effect on interstate commerce. United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007). SORNA relates to the travel of certain persons across state lines and so is a proper exercise of Congressional authority under the Commerce Clause. *See* United States v. Madera, 474 F. Supp. 2d 1257, 1265 (M.D. Fla. 2007); *see also* United States v. Reynard, 473 F.3d 1008 (9th Cir. 2007); United States v. Plotts, 347 F.3d 873 (10th Cir. 2003).

The court denies Mr. Dixon's motion to the extent it seeks dismissal for violation of the Commerce Clause.

10

*6. SORNA Violates the Non-delegation Doctrine*

SORNA directed the Attorney General "to specify the applicability of the requirements of [the Act] to sex offenders convicted before July 27, 2006." Mr. Dixon argues that by this provision Congress impermissibly delegated its legislative function in violation of the separation of powers and non-delegation doctrines embodied in U.S. CONST. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States."). Congress gave the Attorney General no guidance about its legislative intent. Conceding that the Constitution allows some delegation of legislative function, Mr. Dixon argues that the Department of Justice is no regulatory agency; it's a police agency whose function is to prosecute crimes consistent with the executive's policies and prerogatives and is answerable to the executive. Delegation to such a department, Mr. Dixon concludes, constitutes an improper abdication of Congressional power and responsibility.

Although Mr. Dixon's argument on this issue had strong initial appeal, the reasoning of the United States District Court for the Middle District of Florida on this issue persuades the court to the contrary. For the reasons set forth in <u>United States v. Madera</u>, 474 F. Supp.2d 1257, 1260-1262 (M.D. Fla. 2007), the court denies Mr. Dixon's dismissal motion to the extent it is based on improper delegation of Congressional authority.

11

*7. The Attorney General's Interim Rule Violates the Administrative Procedures Act*

Mr. Dixon argues that the Attorney General didn't comply with the Administrative Procedures Act, 5 U.S.C. § 553, when determining the retroactivity issue because no procedures were established for notice, registration, or comment.

The APA contains exceptions to the general requirement of notice and comment. One such exception applies "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(B). The Attorney General made such a finding in the "supplementary information" portion of the interim rule, explaining that the rule resolves an issue of fundamental importance to SORNA's initial operation. There was no failure to comply with the APA.

The court denies Mr. Dixon's motion to the extent it seeks dismissal for failure to comply with the APA.

*Conclusion*

For all of the foregoing reasons, the court DENIES Marcus Dixon's motion to dismiss the amended indictment [docket # 23].

SO ORDERED.

ENTERED:   December 18, 2007


/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court